UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LESLEE LENOCH,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>Defendant. | Case No.<br><br><br>**PLAINTIFF DEMANDS A TRIAL BY JURY** |

Plaintiff. Leslee Lenoch, by and through undersigned counsel, Jane Ledger, Esq. and Sue Edwards, Esq., of the Law Offices of Susan Edwards, LLC, complains against Defendant, American Airlines, Inc., as follows:

**PARTIES**

1. Plaintiff Leslee Lenoch is a resident of Belmont, North Carolina.

2. Defendant, American Airlines, Inc. ("American") is a corporation that maintains its headquarters, and regularly does business, in the Northern District of Texas.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, namely, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within this judicial district.

## EEOC FILING AND ADMINISTRATIVE PROCEDURES

5. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 25, 2024.

6. On August 19, 2026, the EEOC issued a Notice of Right to Sue. A true and correct copy of the Notice of Right to Sue is attached as Exhibit 1.

7. Plaintiff timely filed this action within 90 days after receiving the Notice of Right to Sue from the EEOC.

## FACTS

8. Plaintiff was hired as a pilot by American in October 2000.

9. American requires its pilots to undergo annual recurrent training and evaluation in order to comply with federal regulations.

10. The majority of pilots employed by American are men.

11. During Plaintiff's recurrent training, Plaintiff experienced an unequal and inferior training experience compared to her similarly situated male pilot colleagues.

12. Plaintiff also witnessed other female pilots receiving an unequal and inferior training experience compared to their similarly situated male pilot colleagues.

13. Recurrent training requires a captain and a first officer to train together as a complete cockpit flight crew.

14. Plaintiff was informed by American's training department that many male captains refused to be paired with a female pilot for training.

15. Upon information and belief, during Plaintiff's employment, American's training department honored male captains' requests to not be paired with female pilots during mandatory training and evaluation.

16. During Plaintiff's training, male instructors often refused to train female pilots.

17. Plaintiff made multiple requests throughout her career as a first officer at American to be paired with a captain during mandatory training and evaluation.

18. During Plaintiff's training as a first officer, her requests to be paired with a captain for training and evaluation were continually denied, because male captains refused to be paired with female pilots and because there were not enough female captains to accommodate her request.

19. On one occasion, American instructed Plaintiff that if she wanted to be paired with a captain during her training as a first officer, she should arrange to bring a captain with her to the training department.

20. Upon information and belief, similarly situated male first officers were not instructed that they were required to bring a captain to facilitate their mandatory training and evaluation.

21. American's failure to ensure that Plaintiff would be paired with a captain during her training as a first officer denied Plaintiff the same training experience and opportunities that were afforded to male pilots.

22. Plaintiff's ability to satisfactorily complete training as a first officer was significantly impaired by the training department's failure to ensure that she would be paired with a captain during training.

23. American's refusal to offer Plaintiff the same quality of training and evaluation as her male colleagues negatively impacted her evaluation scores.

24. American's refusal to offer Plaintiff an equal training experience to that of her similarly situated male colleagues negatively impacted Plaintiff's confidence and mental health.

25. Plaintiff's requests for equal treatment to that enjoyed by her male colleagues were met with scorn and retaliation.

26. Upon information and belief, multiple female pilots have complained of a gender-based hostile work environment in American's training department.

27. Upon information and belief, many female pilots are afraid that reporting their complaints of a gender-based hostile work environment in the training department will negatively affect their careers at American.

28. American instructed its training department instructors that they should not fail two first officers when they are paired together during a training evaluation.

29. In May 2024, Plaintiff was required to attend training under conditions inferior to those of her male colleagues.

30. During Plaintiff's training as a first officer in May 2024, American failed to ensure that she would train with a captain, and instead required Plaintiff to be paired with another first officer.

31. During Plaintiff's training as a first officer in May 2024, Plaintiff observed male first officers being appropriately paired with captains.

32. Despite American's policy prohibiting instructors from failing first officers who were paired with other first officers instead of captains, Plaintiff received a failing training grade in May 2024 when she was paired with another first officer.

33. As a result of the failing grade, Plaintiff was initially held out of work without pay and her career at American was ultimately terminated.

## COUNT I

### EMPLOYMENT DISCRIMINATION ON THE BASIS OF SEX
Title VII of the Civil Rights Act of 1964, as amended
42 U.S.C. §§ 2000e et seq.

34. Plaintiff repeats and realleges the allegations contained in the paragraphs above as if fully set forth herein.

35. At all relevant times, Plaintiff was an employee of American, and American was an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(b).

36. Title VII prohibits employers from discriminating against an employee with respect to the terms, conditions, or privileges of employment because of the employee's sex.

37. Plaintiff is a woman and is a member of a class protected by Title VII.

38. Throughout Plaintiff's employment, American subjected Plaintiff to unequal terms and conditions of employment because of her sex, including by denying her the same training and evaluation opportunities afforded to similarly situated male pilots.

39. American knew that male captains and male instructors in its training department refused to train with female pilots, including Plaintiff, and nevertheless accommodated those refusals rather than ensuring that female pilots received the same training opportunities as male pilots.

40. American's training department repeatedly denied Plaintiff's requests to be paired with a captain for mandatory recurrent training and evaluation because male captains refused

to be paired with female pilots and American did not have sufficient female captains to accommodate Plaintiff's requests.

41. American thereby placed the burden on Plaintiff, because of her sex, to overcome the unwillingness of male captains and instructors to train with female pilots, while failing to ensure that Plaintiff received the training and evaluation conditions afforded to her male colleagues.

42. American's conduct deprived Plaintiff of equal access to mandatory training and evaluation opportunities, impaired her ability to complete training satisfactorily, and negatively affected her training evaluation scores.

43. American's decisions concerning Plaintiff's training assignments, training conditions, and evaluation were motivated, at least in part, by Plaintiff's sex. American's conduct reflected a practice of accommodating male pilots' preferences not to train with women at the expense of female pilots' equal employment opportunities.

44. Upon information and belief, similarly situated male first officers were not subjected to the same barriers to obtaining captain pairings, were not required to arrange their own training partners, and received training and evaluation opportunities under conditions more favorable than those imposed on Plaintiff.

45. American's conduct constituted discrimination against Plaintiff with respect to the terms, conditions, and privileges of her employment because of her sex, in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1).

46. As a direct and proximate result of American's unlawful discrimination, Plaintiff has suffered damages, including lost wages and employment benefits, loss of future

earnings and employment opportunities, emotional distress, and other compensable injuries, in amounts to be determined at trial.

47. Plaintiff is entitled to all available relief under Title VII, including back pay, front pay or reinstatement as appropriate, compensatory damages, prejudgment interest, reasonable attorneys' fees and costs, and such other relief as the Court deems just and proper.

## COUNT II

## HOSTILE WORK ENVIRONMENT

Title VII of the Civil Rights Act of 1964, as amended
42 U.S.C. §§ 2000e et seq.

48. Plaintiff repeats and realleges the allegations contained in the paragraphs above as if fully set forth herein.

49. Defendant condoned a hostile work environment for female pilots in its training department.

50. Plaintiff's efforts to obtain equal treatment were met with scorn and retaliation, further contributing to the discriminatory and hostile conditions under which she was required to perform her job.

51. Upon information and belief, other female pilots experienced similar treatment in American's training department, and multiple female pilots complained of a gender-based hostile work environment.

52. American knew, or should have known, of the discriminatory conduct and its effects on female pilots, including Plaintiff, but failed to take reasonable steps to prevent or remedy the hostile conditions.

53. American's conduct subjected Plaintiff to unwelcome treatment because of her sex that was sufficiently severe or pervasive to alter the conditions of her employment and create an objectively and subjectively hostile work environment.

54. The hostile work environment interfered with Plaintiff's ability to perform her duties and demonstrate her qualifications under equivalent conditions, undermined her professional confidence, and negatively affected her mental health.

55. American's conduct violated Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Plaintiff to a hostile work environment because of her sex.

56. As a direct and proximate result of American's unlawful conduct, Plaintiff has suffered damages, including emotional distress and other compensable injuries, lost wages and employment benefits, loss of future earnings and employment opportunities, in amounts to be determined at trial.

57. Plaintiff is entitled to all available relief under Title VII, including compensatory damages, back pay, front pay, or reinstatement as appropriate, prejudgment interest, reasonable attorneys' fees and costs, and such other relief as the Court deems just and proper.

## COUNT III

**RETALIATION**

Title VII of the Civil Rights Act of 1964, as amended
42 U.S.C. §§ 2000e et seq.

58. Plaintiff repeats and realleges the allegations contained in the paragraphs above as if fully set forth herein.

59. Title VII of the Civil Rights Act of 1964, as amended, prohibits an employer from discriminating against an employee because the employee has opposed a practice made

unlawful by Title VII or has made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under Title VII. 42 U.S.C. § 2000e-3(a).

60. Plaintiff engaged in activity protected by Title VII by repeatedly requesting equal treatment in American's mandatory recurrent training and evaluation and opposing American's practice of denying female pilots the training opportunities afforded to similarly situated male pilots.

61. Plaintiff's requests and complaints concerned American's practice of accommodating male captains' refusals to train with female pilots, male instructors' refusals to train female pilots, and American's resulting failure to provide female pilots with training and evaluation opportunities equivalent to those provided to male pilots.

62. American knew of Plaintiff's protected activity through her repeated requests for equal treatment and her complaints concerning the discriminatory conditions under which she was required to train.

63. Rather than remedying the discriminatory treatment, American responded to Plaintiff's requests for equal treatment with scorn and retaliation.

64. American continued to deny Plaintiff equal access to captain pairings during mandatory recurrent training and evaluation, notwithstanding Plaintiff's repeated requests for such pairings and the more favorable training arrangements afforded to male first officers.

65. American's conduct placed Plaintiff at a disadvantage in demonstrating her qualifications during mandatory training and evaluation and impaired her ability to complete training satisfactorily.

66. American's adverse treatment of Plaintiff, including its retaliatory response to her requests for equal treatment, its continued failure to provide equivalent training

opportunities, the circumstances surrounding her May 2024 evaluation, her removal from work without pay, and her termination, would dissuade a reasonable employee from making or supporting a complaint of discrimination.

67. American thereby retaliated against Plaintiff because she opposed practices that she reasonably believed violated Title VII, in violation of 42 U.S.C. § 2000e-3(a).

68. As a direct and proximate result of American's unlawful retaliation, Plaintiff has suffered damages, including lost wages and employment benefits, loss of future earnings and employment opportunities, emotional distress, and other compensable injuries, in amounts to be determined at trial.

69. Plaintiff is entitled to all available relief under Title VII, including back pay, front pay or reinstatement as appropriate, compensatory damages, prejudgment interest, reasonable attorneys' fees and costs, and such other relief as the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment as follows:

a) Awarding damages in an amount to be determined at trial to compensate Plaintiff for all monetary damages caused by Defendant's unlawful discrimination, retaliation, and termination of her employment;

b) Awarding compensatory damages for emotional distress, mental anguish, and harm to Plaintiff's professional reputation;

c) Awarding reinstatement of Plaintiff to the same position in the same department, or alternatively an award of front pay, and job search costs in lieu of reinstatement;

d) Awarding reasonable attorneys' fees, and the costs and disbursements of this action;

e) Awarding pre-judgment and post-judgment interest; and

f) Such other and further relief as this Court deems just and proper.

Dated: November 2, 2026

Respectfully submitted,

/s/ Jane Ledger Esq.

Cole Legler LLC
8150 N Central Expressway
10th Floor
Dallas, Texas 75206
(214) 748-7777
(214) 748-7778 (fax)
www.dallasemployeelaw.com

-and-

/s/ Sue Edwards

Law Offices of Susan Edwards, Esq.
P.O. Box 98
West Pawlet, VT 05775
Tel. (914) 715-3632
Email: sueedwardsesq@yahoo.com

*Attorneys for Plaintiff*